IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OCTAVIO HUERTA #63102-019 | § | |
| | § | |
| V. | § | A-15-CA-1146-LY |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| LORETTA LYNCH, JAMES B. COMEY, | § | |
| and JACK LEW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.

Before the Court are Plaintiff's Complaint (Document No. 1) and Plaintiff's More Definite Statement (Document No. 12). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was incarcerated in FCI Bastrop. Plaintiff purportedly files suit under the Federal Tort Claims Act ("FTCA") and Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs, 403 U.S. 388 (1971). Plaintiff alleges at the time of his arrest on August 28, 2011, agents of the FBI seized two income tax checks in violation of the Constitution. Plaintiff was allegedly told the checks were held in inventory with the evidence collected in his criminal case. At some point, Plaintiff alleges he was informed the checks

were returned to the Treasury.  Plaintiff asserts the checks were cashed during the period when Plaintiff was told the checks were in inventory.  Plaintiff sues the United States of America, U.S. Attorney General Loretta Lynch, Director of the Federal Bureau of Investigation James Comey, and Secretary of the Treasury Jack Lew.  Plaintiff requests damages in the amount of three times the amount of the total of his checks.  He also requests that the United States Department of Treasury be ordered to reissue the checks plus interest.

DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

Title 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss a complaint if it determines that it fails to state a claim on which relief may be granted.  To state a claim, a plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," which means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see also FED. R. CIV. P. 8(a), 12(b)(6). "Labels and conclusions, and a formulaic recitation of elements of a cause of action will not do." Twombly, 550 U.S., at 555.  A conclusory complaint–one that fails to state material facts–may be dismissed as frivolous, see e.g., Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992), or for a failure to state a claim, see Rios v. City of Del Rio, 444 F.3d 417, 426 (5th Cir. 2006).

B.   Bivens Claims

As currently presented, Plaintiff's Complaint does not entitle him to relief against Defendants Lynch, Comey, and Lew.  It is well-settled that vicarious liability does not apply to § 1983 claims. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) (government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior).  Plaintiff does

not allege any facts showing Defendants Lynch, Comey, or Lew had any personal involvement in, or personal knowledge of, any of the events described in Plaintiff's Complaint or More Definite Statement. As such, he has failed to allege a valid claim against them under <u>Bivens</u>.

Allowing Plaintiff to amend his complaint to name the defendants who allegedly unlawfully seized his income tax checks or who returned his checks to the U.S. Treasury would be futile. Plaintiff's claims would be time-barred. Because there is no federal statute of limitations for <u>Bivens</u> claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state. <u>Brown v. Nationsbank Corp.</u>, 188 F.3d 579, 590 (5th Cir. 1999); <u>Gartrell v. Gaylor</u>, 981 F.2d 254, 256 (5th Cir. 1993); <u>see also</u>, <u>Izen v. Catalina</u>, 398 F.3d 363, 367 n. 3 (5th Cir. 2005). In Texas, the relevant statute of limitations is two years. See <u>Cooper v. Brookshire</u>, 70 F.3d 377, 380 n. 20 (5th Cir. 1995); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1986). Federal law governs when a claim accrues, beginning when a "plaintiff knows or has reason to know of the injury which is the basis of the action." <u>Burrell v. Newsome</u>, 883 F.2d 416, 418 (5th Cir. 1989). Actual knowledge is not necessary, though, for the limitations period to commence "if the circumstances would lead a reasonable person to investigate further." <u>Piotrowski v. City of Houston</u>, 51 F.3d 512, 516 (5th Cir.1995)).

Plaintiff asserts his checks were unlawfully seized during his arrest on August 28, 2011. Documentation attached to Plaintiff's complaint indicates his tax refunds were cancelled the next day, replacement refunds were requested on October 28, 2011, and replacement refunds issued on November 21, 2011. Although Plaintiff states he did not discover his income tax checks had been cashed until June 23, 2015, with reasonable diligence Plaintiff should have been able to discover his checks had been returned to the U.S. Treasury by the time he was sentenced in federal court.

Plaintiff was sentenced in the United States District Court for the District of Indiana on August 20, 2013. Plaintiff did not file his complaint until on or about December 10, 2015, more than two years after he was sentenced and more than four years after his checks were seized.

In his More Definite Statement, Plaintiff suggests he is entitled to equitable tolling. While the statute of limitations for a Bivens action may be equitably tolled, equity does not favor Plaintiff. Plaintiff knew of the facts about his checks in August 2011, and he could have discovered the checks had been returned to the U.S. Treasury at the time he was sentenced. And Plaintiff does not explain how the government's actions prevented him from bringing a timely claim.

C.   FTCA

Plaintiff's claims under the FTCA are also time-barred. Under this statute, an "action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate . . . agency and his claim shall have been finally denied by the agency." McNeil v. United States, 508 U.S. 106, 107 (1993). The FTCA provides that a tort claim against the United States will be barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues. In re FEMA Trailer Formaldehyde Prods. Liab. Litig., 646 F.3d 185, 189 (5th Cir. 2011) (analyzing 28 U.S.C. § 2401(b)). As explained above, Plaintiff's claim accrued no later than the date he was sentenced in federal court. At that time, he knew or had reason to know that his checks were not going to be returned to him. Plaintiff does not allege he presented any claim in writing to any federal agency within two years of this date. His claim is therefore barred under the FTCA.

Plaintiff attempts to argue the statute of limitations for his claim is six years. Had Plaintiff moved for the return of his property rather than requesting damages, the limitations period would have been six years. See United States v. Wright, 361 F.3d 288, 290 (5th Cir. 2004) (applying

§ 2401(a) to a Rule 41(g) motion for return of property). Amending his complaint would be futile, however, as the Government cannot return property it does not possess. Bailey v. United States, 508 F.3d 736, 740 (5th Cir. 2007). Plaintiff admits the Government does not have in its possession the income tax checks in question. As such, the Court cannot order their return.[1]

## RECOMMENDATION

It is therefore recommended that Plaintiff's Bivens claims be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e). It is further recommended that Plaintiff's time-barred FTCA claim be dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by

---

[1] Moreover, even if the Government had in its possession the original income tax checks seized from Plaintiff, those checks would be worthless. Plaintiff's documentation demonstrates the checks were reissued and were endorsed by someone using Plaintiff's name and social security number.

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of February, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE